**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CARLOS EDUARDO MONSALVE VALERO,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**ACTING FIELD OFFICE DIRECTOR OF NEW JERSEY IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-11349 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Carlos Eduardo Monsalve Valero, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF No. 1).

2. Respondents oppose the Petition. (ECF No. 5).

3. Petitioner is a citizen of Venezuela. (*Id.* at 1). Petitioner entered the United States in 2023. (ECF No. 1 at 2).

4. An immigration judge ordered Petitioner removed on June 27, 2024. (ECF No. 5-2 at 1).

5. Petitioner appealed, and the Board of Immigration Appeals ("BIA") denied the appeal on November 6, 2024. (ECF No. 5-3).

6. Petitioner was detained by ICE on August 21, 2026. (ECF No. 5-1 at 2).

7. Petitioner filed his Petition on September 2, 2026 arguing that Respondents were detaining him pursuant to 8 U.S.C. § 1225(b). (ECF No. 1 ¶ 12).

8. Respondents assert that Petitioner properly detained pursuant to 8 U.S.C. § 1231(a) because he has a final order of removal. (ECF No. 5 at 2).

9. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11. Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

12. "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the

[noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

13. Petitioner's removal order became administratively final on November 6, 2024 when the BIA dismissed his appeal. (ECF No. 5-3). The removal period expired 90 days later on February 4, 2025. Accordingly, Petitioner's detention is no longer mandatory pursuant to § 1231.

14. ICE is not required to release the noncitizen once the removal period has expired, however, but "[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701). The presumptively permissible timeframe for post-removal-period detention is six months.

15. However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of his detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

16. Here, "Petitioner has not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future, and he therefore cannot show that his continued

detention under § 1231(a) is unlawful." *Calle Guaman v. Soto, et al.*, No. 26-cv-1783, 2026 WL 811353, at *2 (D.N.J. Mar. 24, 2026).

17. Accordingly, this Court will deny the Petition without prejudice. Any restrictions on Petitioner's location will be lifted.

18. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: September 21, 2026